**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EDUARDO BARRENO MATIAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-222-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

# FINAL JUDGMENT

On this day, the Court considered the case. On February 6, 2026, the Court granted in part Eduardo Barreno Matias's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Feb. 6, 2026, Order 2, ECF No. 4. Respondents have now informed the Court that Barreno Matias was released on February 13. Status Report, ECF No. 8.

Therefore, Barreno Matias's Motion to Enforce Judgment, ECF No. 5, which was filed on February 12 and predicated on the assumption that he would not be timely released from custody, is **DENIED as moot**.

It appears that the only remaining matter to be resolved in this case is Barreno Matias's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* Pet. 28, ECF No. 1; *see generally* Feb. 6, 2026, Order. However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **<u>the Clerk shall close the case</u>**. To the extent Barreno Matias wishes to seek additional relief from the Court, he may file a motion to reopen.

**SO ORDERED**.

**SIGNED this 18th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE